IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PEMBERTON, INC.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06CV504-P m |
| | ) |
| **GEORGIA MUTUAL INSURANCE** | ) |
| **COMPANY and ZURICH AMERICAN** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Georgia Mutual Insurance Company, hereby petitions this Court for removal of this action from the Circuit Court of Montgomery County, Alabama, where it is now pending as Civil Action No. CV2006-1059, to the United States District Court, Middle District of Alabama, Northern Division. As grounds for this removal, Defendant would show as follows:

1. This action was commenced on or about April 17, 2006 by the filing of a Summons and Complaint in Civil Action No. CV2006-1059 in the Circuit Court of Montgomery County, Alabama.

2. The initial pleadings setting forth the Plaintiff's claims for relief were received by these Defendants on or about May 6, 2006. No further pleadings have been served or filed as of the date of this notice.

3. The Plaintiff's complaints arise out of the Plaintiff's claims for breach of contract, bad faith and failure to indemnify.

4. The Plaintiff, in its Complaint, demands judgment ". . . in an amount in excess of the

jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. " A copy of the Plaintiff's Complaint is attached hereto as Exhibit "A".

5. Plaintiff is a domestic corporation with its principal place of business in Montgomery County, Alabama.

6. Defendant Georgia Mutual Insurance Company is a foreign corporation, doing business in the Montgomery County, Alabama, with its principal place of business in the State of Georgia. Defendant Georgia Mutual Insurance Company is not a resident of the State of Alabama within the meaning of the Acts of Congress creating diversity jurisdiction in the federal courts.

7. Defendant Zurich American Insurance Company is an Illinois corporation doing business in Montgomery County, Alabama. Plaintiff and Defendant, Zurich American Insurance Company, have reached a settlement in this matter. Therefore, Zurich American Insurance Company is a nominal defendant with there being no possibility of recovering additional sums or relief in this action. A defendant may remove without the consent of a defendant who is merely a nominal party. Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir, 1994).

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days after the service of the summons on the Defendant.

9. Removal of this action is proper based on the Court's diversity jurisdiction. Removal of an action to federal court is proper when there is diversity of citizenship among those parties who are "properly joined" and served. 28 U.S.C. § 1441.

10. The time to ascertain whether the requisite jurisdictional amount necessary to

invoke federal jurisdiction is present is at the time the petition of removal is filed. Lindsay v. American Gen. Life & Accident Ins. Co., 133 F. Supp. 2d 1271, 1276 (N.D. Ala. 2001) (citing Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287 (11th Cir. 2000)). A defendant may remove a suit to federal court notwithstanding the plaintiff's failure to state an amount in controversy that would establish federal diversity jurisdiction. Id. at 1274.

11. When a complaint alleges an amount of damages not to exceed $74,000, which is below the amount in controversy requirement, the defendant must show that if the plaintiff prevails on liability, "an award of $75,000 or less would be 'outside the range of permissible awards.'" Id. (quoting Burns v. Windsor Ins. Co. 31 F.3d 1092 (11th Cir. 1994)). A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000. Bolling v. Union Nat'l Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995). For example, the defendant may present decisions rendered in comparable cases that yielded liability in excess of $75,000. See, Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388, 1392-3 (M.D. Ala. 1998).

12. In diversity actions, state law governs substantive issues. Burke v. Smith, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)). It cannot be said with legal certainty under Alabama law that the monetary value of these Plaintiffs' claims do not exceed $75,000, exclusive of interest and costs.

13. In Hathcock v. Wood, a case involving injuries sustained from an automobile accident, the jury returned a verdict for the motorist in the amount of $600,000 and for the passenger in the amount of $200,000. 815 So. 2d 502, (Ala. 2001). The Supreme Court of Alabama found that, despite the fact that the plaintiffs' medical expenses only amounted to $4,358 for the motorist and $1,068 for the passenger, the $800,000 award of compensatory damages was not excessive. Id. at

511-512.

14. In <u>Daniels v. East Alabama Paving, Inc.</u>, 740 So.2d 1033 (Ala. 1999), the jury awarded damages to the plaintiffs, arising out of an automobile accident, and the trial court ordered remittiturs as follows: $2,500,000 award remitted to $250,000 based on $3,408 in medical expenses; $200,000 award remitted to $40,000 based on $1,407 in medical expenses; $175,000 award remitted to $35,000 based on $225 in medical expenses; $150,000 award remitted to $20,000 based on $644 in medical expenses; $104,000 award remitted to $29,000 based on $4,000 in property damage and $2,204 in medical expenses; $15,000 award based on $451 in medical expenses, which was not remitted; and $10,000 award remitted to $367 based on medical bills that totaled that amount. 740 So. 2d 1033, 1042-3 (Ala., 1999). The Supreme Court of Alabama reinstated the original awards, totaling $3,154,000, which were based on no more than $13,000 as compensation for the plaintiffs' medical expenses and property damage. <u>Id</u>. at 1051. See also, <u>Ex parte Goldsen</u>, 783 So. 2d 53 (Ala. 2000) (in which a jury awarded the plaintiff $76,898.39 in damages arising out of an automobile accident).

15. The Supreme Court of Alabama has long held that "'there is no fixed standard for ascertainment of compensatory damages recoverable for physical pain and mental suffering' and that 'the amount of such an award is left to the sound discretion of the jury, subject only to correction by the Court for clear abuse or passionate exercise of that discretion.'" <u>Daniels v. East Alabama Paving</u>, 740 So. 2d 1033, 1044 (Ala. 1999) (quoting <u>Alabama Power Co. v. Mosley</u>, 294 Ala. 394, 318 So. 2d 260 (1975)). The Alabama Supreme Court has "consistently held that a trial court cannot interfere with a jury verdict merely because it believes the jury gave too little or too much." <u>Id</u>. (citing <u>Williston v. Ard</u>, 611 So. 2d 274 (Ala. 1992)).

16. The Plaintiff in this case has demanded judgments against Defendant, Georgia Mutual

Insurance, in an amount to be determined by a jury. The Plaintiff has alleged causes of action under the theories of breach of contract, bad faith and failure to indemnify for which the Plaintiff is seeking recovery of punitive damages. For these reasons, in conjunction with the jury verdicts that have been rendered in comparable cases, it is in good faith that this Defendant believes that the amount in controversy exceeds the sum in value of $75,000, exclusive of interest and costs, and because all parties are of diverse citizenship, this is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332(a). Accordingly, this lawsuit is properly removable by the Defendants pursuant to 28 U.S.C. § 1441.

17.    A true and correct copy of Defendant's Notice of Removal and Petition of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama and is being served on the Plaintiff through their counsel as required by law.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Georgia Mutual Insurance Company, respectfully requests that this Honorable Court will make any and all necessary Orders to effect the removal of this cause of action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

SMITH, SPIRES & PEDDY, P.C.
2015 SECOND AVENUE NORTH
SUITE 200
BIRMINGHAM, ALABAMA 35203
(205) 251-5885
(205) 251-8642

_____
Bryan Scott Tyra
Bar ID: TYR005
Attorney for Defendant,
Georgia Mutual Insurance

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following individuals by placing a copy thereof in the United States mail, postage prepaid, on this 2 day of JUNE, 2006.

Shane T. Sears
BRADFORD LAW FIRM, P.C.
2020 Canyon Road
Birmingham, Alabama  35216

_____
Of Counsel