IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEMBERTON, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. CV06-504-MEF-WC |
| | ) |
| GEORGIA MUTUAL INSURANCE | ) |
| COMPANY and ZURICH AMERICAN | ) ORAL ARGUMENT REQUESTED |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the defendant, designated by the plaintiff as Georgia Mutual Insurance Company (hereinafter referred to as "Georgia Mutual" or "defendant"), by and through the undersigned counsel of record in the above-styled cause of action, who respectfully moves this Honorable Court to enter an order granting summary judgment in its favor and against the plaintiff as to all counts of the Complaint. As grounds therefor, the defendant states that there exists no genuine issue of material fact and the defendant is entitled to summary judgment as a matter of law. In support of this motion, the defendant shows the following:

**SUMMARY OF UNDISPUTED FACTS**

1. Pemberton was a general contractor and Jarman was allegedly a subcontractor on a construction project for a Coosa County school being built in Rockford, Alabama. Luis Silva was killed and David Sanchez was injured on the afore-stated construction project.

(See Exhibit A / Complaint.) In subsequent litigation, Pemberton claimed that Silva and Sanchez were loaned employees, borrowed servants and/or special employees of Pemberton. (See Pemberton's Reply Brief in Support of Motion for New Trial [CV-05-2343] / Exhibit B.) *Pemberton also maintained that "the evidence showed that there was no contract between Jarman and Pemberton for the additional work performed by the Plaintiffs [Silva and Sanchez] and that Pemberton specifically hired the Plaintiffs for a specified task."* Id. Now Pemberton claims that Silva and Sanchez were employees of Jarman and that Jarman was performing work under a subcontract with Pemberton. (See Exhibit A / Complaint.) Pemberton claims that Jarman had a duty to defend and indemnify Pemberton in the action filed by or on behalf of Silva and Sanchez. Pemberton has not obtained a judgment against Jarman. Pemberton has sued Georgia Mutual for Breach of Contract (Count I) and Bad Faith (Count II). Jarman is an insured of Georgia Mutual, but Pemberton is not. Pemberton and Georgia Mutual are not in privity of contract. There is no contract of insurance, or otherwise, between Pemberton and Georgia Mutual. (See Exhibit C / Affidavit of William Downey.)

## SUMMARY JUDGMENT STANDARD

2. Rule 56( c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." All disputed facts are resolved and all reasonable inferences are drawn in favor of the nonmovant. When the movant bears the ultimate burden of persuasion at trial, the movant must affirmatively show, with evidence, the absence of a genuine issue of material fact. When the nonmovant bears the ultimate

burden of persuasion at trial, the movant can meet the standard by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating (i.e., pointing out) that the nonmovant's evidence itself is insufficient to establish an essential element of his claim. In either case, the burden then shifts to the nonmovant to make an evidentiary showing sufficient to establish each element so established or challenged. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993). To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

## LEGAL ARGUMENT

3. Georgia Mutual first argues that the doctrine of judicial estoppel applies to preclude Pemberton from claiming that Silva and Sanchez were employees of Jarman and that they were working pursuant to a subcontract at the time of the accident made the basis of this lawsuit. The doctrine of judicial estoppel applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Ex parte First Alabama Bank, 883 So.2d 1236 (Ala. 2003). Judicial estoppel, unlike collateral estoppel, does not require privity between the parties. BSI Rentals, Inc. v. Wendt, 893 So.2d 1184 (Ala. 2004). The party asserting judicial estoppel does not have to prove reliance on or damage from the estopped party's previous legal proceeding. Crider v. Misty Acres, Inc., 893 So.2d 1165 (Ala.Civ.App. 2004).

4. Notwithstanding the issue of the employment status of Silva and Sanchez, Georgia Mutual next argues that Pemberton does not have standing to sue Georgia Mutual for breach

of contract or bad faith.  Under Alabama law, one not a party to, or in privity with a contract, cannot sue for its breach.  Airlines Reporting Corp. v. Higginbotham, 643 So.2d 952 (Ala. 1994); Twine v. Liberty Nat. Life Ins. Co., 311 So.2d 299 (Ala. 1975); Watson v. Mills, 153 So.2d 612 (Ala. 1975).

5. Georgia Mutual next argues that Pemberton is pursing a direct action against an insurance company, something Georgia Mutual alleges is not permitted by Ala. Code 1975, § 27-23-2.  Section 27-23-2 Ala. Code 1975, provides, in pertinent part:

> "*Upon the recovery of a final judgment . . . , if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment . . . .*"

Section 27-23-2 Ala. Code 1975.  Pemberton has not obtained a judgment against Jarman. Therefore, Georgia Mutual argues that this action should be dismissed as the afore-cited statute establishes the necessity of a "*recovery of a final judgment*" before a direct action can be filed against an insurance company to recover for the actions of an insured.

6. In support of its position, Georgia Mutual directs the Court's attention to Norton v. Belarus Machinery of USA, Inc., ___ F.Supp. ___ 2005 WL 1501452 (M.D. Ala.), and the cases cited therein.  In Norton, an identical case on the issue here, Judge Dement found that "*for the purposes of Erie, Alabama's statute [§ 27-23-2 Ala. Code (1975)] circumscribing the right of an injured party to sue directly the alleged tortfeasor's insurer is outcome determinative under Erie and is a substantive law.*"  Id. at *5.  In a well reasoned opinion, Judge Dement dismissed the direct action citing numerous cases, including:  Maness v.

Alabama Farm Bureau Mutual Casualty Insurance Co., 416 So.2d 979 (Ala.1982); Wiggins v. State Farm Fire and Casualty Co., 686 So.2d 218 (Ala. 1996); and State Farm Mutual Auto. Insurance Co. v. Brown, 894 So.2d 643 (Ala. 2004).

      7. The Alabama Supreme Court addressed § 27-23-2 Ala. Code (1975), in Maness v. Alabama Farm Bureau Mutual Casualty Insurance Co., 416 So.2d 979 (Ala.1982), which addressed the question "*whether a plaintiff in a personal injury action . . . can in effect bring a declaratory judgment action*," against the alleged tortfeasor's insurance carrier before a judgment is rendered against the tortfeasor. Id. at 981. Maness, a volunteer fireman for the Sylacauga Fire Department, was injured when the Weogufka Fire Department's unoccupied truck moved down an incline and pinned him between that fire truck and another fire truck. The Manesses sued several individual defendants associated with the Weogufka Fire Department. Each of those defendants had insurance carriers. One of those carriers was Farm Bureau, which initiated a declaratory-judgment action seeking to determine its liability. The Manesses then filed a counterclaim against Farm Bureau, asking the court to determine whether Farm Bureau was obligated to defend its insured and to indemnify its insured for any judgment rendered against the insured. The Manesses filed cross-claims against the insurance carriers insuring one of the individual defendants, asking the trial court to determine whether each or all of the carriers were obligated to defend and indemnify their insured. The trial court dismissed the Manesses' cross-claims against the insurance carriers. The Alabama Supreme Court affirmed the judgment of the trial court stating:

> "*The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the*

> *insured and only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor."*

416 So. 2d at 981-82. The opinion explained that the Manesses' declaratory-judgment action was an improper direct action prohibited by Ala. Code 1975, §§ 27-23-1 and -2.

> *"We hold that the cross-claims of the Manesses against the insurance carriers are a form of direct action against an insurance carrier and not allowable under Alabama law because an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured, see, Code 1975, §§ 27-23-1 and -2. Therefore, the dismissal of the cross-claims by the trial court was proper."*

416 So. 2d at 982. See also Knox v. Western World Ins. Co., 893 So. 2d 321 (Ala. 2004) (affirming order dismissing plaintiff's declaratory-judgment claim on basis that final judgment had not been entered against insured/alleged tortfeasor); Wiggins v. Georgia Mutual Fire & Cas. Co., 686 So. 2d 218, 220 (Ala. 1996) (quoting Maness for the proposition that an injured party " 'can bring an action against the insurer only after he has recovered a judgment against the insured'"); Hicks v. Alabama Pest Servs., Inc., 548 So. 2d 148, 150 (Ala. 1989) (judgment had not been entered for plaintiff; therefore, plaintiff had no right to pursue cause of action against insurance company); Stewart v. State Farm Ins. Co., 454 So. 2d 513, 514 (Ala. 1984) (citing Maness and holding that a plaintiff could not bring a direct action against the alleged tortfeasor's liability insurer under a third-party beneficiary theory); Howton v. State Farm Mut. Auto. Ins. Co., 507 So. 2d 448, 450 (Ala. 1987) (noting Maness, Stewart, and other cases in holding that a plaintiff may not maintain a direct action against an insurer before a judgment has been rendered against the insured/alleged tortfeasor unless

the insurer causes an independent injury to the plaintiff).

**WHEREFORE**, the defendant respectfully moves that this Honorable Court enter an order granting summary judgment in its favor and against the plaintiff as to all counts contained in the Complaint.

SMITH, SPIRES & PEDDY, P.C.
2015 SECOND AVENUE NORTH
SUITE 200
BIRMINGHAM, ALABAMA 35203
(205) 251-5885
(205) 251-8642


/s/ Bryan Scott Tyra
Bryan Scott Tyra (TYR005)
Attorney for Defendant,
Georgia Mutual Insurance Company


## ORAL ARGUMENT REQUESTED

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Shane T. Sears
BRADFORD LAW FIRM, P.C.
2020 Canyon Road
Birmingham, Alabama   35216


/s/ Bryan Scott Tyra
Of Counsel